# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### December 13, 2012 Session

## MARY KRUGER, ET AL. v. THE STATE OF TENNESSEE, ET AL.

**Direct Appeal from the Circuit Court for Dyer County**
**No. 2011-CV-58     William B. Acree, Judge**

_____

**No. W2012-00229-COA-R3-CV - Filed February 28, 2013**
_____

**SEPARATE CONCURRENCE IN PART, DISSENT IN PART**

_____

HOLLY M. KIRBY, J., CONCURRING IN PART AND DISSENTING IN PART:

I must respectfully dissent in part from the majority opinion in this case.

In the majority opinion, the majority states the issue raised by the Board of Zoning Appeals ("BZA") as:  "Whether the trial court erred in holding that the Dyer County Zoning Resolution does not require an applicant seeking a variance to have a written lease."  In a footnote, the majority observes that the appellate record contained "no such finding by the circuit court."  Instead of leaving it at that, the majority goes on to "construe the BZA's argument as 'Whether the Resolution requires an applicant seeking a variance to possess a valid lease.' "

If the trial court made no finding on this issue, the majority's "construction" of the issue results in this Court giving an advisory opinion, ruling on an issue that the trial court did not decide.  From this, I must respectfully dissent.

Moreover, it appears to me that the petitioner neighbors would have standing to assert that the BZA acted arbitrarily and capriciously by granting a zoning right to an entity with no legally cognizable interest in the property at issue.  Indeed, the application for a variance *asks* the applicant to identify his interest in the subject property.  It would not make sense for the BZA to grant a land zoning right to an entity that did not have a legally cognizable interest in the property, so it is appropriate to permit them to argue that doing so would constitute an arbitrary and capricious action.

I must also respectfully dissent from the majority's conclusion that the Krugers' claim should be dismissed simply because they did not include their street address in the petition. The petition indicates that they reside in the Viar community and will be adversely affected by the proposed shooting range. The proximity of the Krugers' home to the shooting range, and the amount by which they are adversely affected by it, are all factual issues for trial. Dismissal of their petition because it does not include their street address is not consonant with the standard for either a motion to dismiss or a motion for summary judgment.

As to the remainder of the majority opinion, I concur in the result only reached by the majority.

_____
HOLLY M. KIRBY, JUDGE